# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLEN LUCKETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 03-190-KAJ |
| | ) | |
| THOMAS CARROLL, Warden, and | ) | |
| M. JANE BRADY, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

---

Allen Luckett. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

---

September 21, 2005
Wilmington, Delaware



JORDAN, District Judge

## I.    INTRODUCTION

Petitioner Allen P. Luckett ("Luckett") was incarcerated in Delaware when he filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  For the reasons set forth below, I will dismiss his petition.  (D.I. 5.)

## II.   PROCEDURAL AND FACTUAL BACKGROUND

In December 1999, Luckett entered a *Robinson* plea[2] in the Delaware Superior Court to a charge of Fourth Degree Rape.  The Superior Court sentenced him to five years incarceration at Level V, to be suspended after one year for decreasing levels of probation.  Luckett did not appeal his sentence or conviction.[3]  He filed several motions for reduction of sentence, which were all denied.

First Rape VOP:  In July 2000, after finding that Luckett violated the terms of his probation ("VOP") on his Rape conviction, the Superior Court revoked his probation and re-imposed a sentence of four years in prison, suspended after six months for probation.  Luckett did not appeal this sentence.  However, he did file a series of motions to reduce or modify his sentence, which the Superior Court denied.  In April

---

[1]Luckett satisfies the "in custody" requirement of 28 U.S.C. § 2254 because he was incarcerated for the violation of probation when he filed the petition.  *See Spencer v. Kemna*, 532 U.S. 1, 7 (1998).

[2]*Robinson v. State*, 291 A.2d 279 (Del. 1972)(permitting the Superior Court to accept a guilty plea in the absence of an admission of guilt).

[3]A direct appeal of the guilty plea and sentence was available to Luckett.  *See, e.g., Siple v. State*, 701 A.2d 79, 81 (Del. 1997); *Sullivan v. State*, 636 A.2d 931, 934 (Del. 1994).

2001, Luckett petitioned the Superior Court for a writ of habeas corpus, and the state court dismissed the petition three days later.

Second Rape VOP/2001 Escape conviction: In July 2001, Luckett pled guilty to a felony charge of Escape After Conviction. That Escape conviction also constituted a second violation of probation on his Rape conviction. The Superior Court revoked his probation, and re-imposed a sentence of three years and six months at Level V incarceration, suspended for one year at Level III, followed by one year at Level II. Luckett did not appeal his Escape conviction or Rape VOP sentence. In 2001, he filed state habeas petitions in both cases, which were denied.

Third Rape VOP /First 2001 Escape VOP: In August 2002, at two separate hearings, Luckett was found guilty of violating his probation on both his Rape and his 2001 Escape convictions. On August 8, 2002, the Superior Court imposed a sixty day prison sentence on the Escape VOP. On August 16, 2002, for the Rape VOP, the Superior Court imposed a three year sentence at Level V, suspended for six months at Level IV, and followed by one year at Level II. Luckett filed motions to modify both sentences, none of which were successful.

In September 2002, Luckett applied for state habeas relief with respect to his Rape VOP sentence. The Superior Court summarily dismissed the petition. Luckett filed a timely notice of appeal, but, in October, he asked to withdraw it. The Delaware Supreme Court granted his request and dismissed the appeal. Luckett then filed another motion for modification of sentence and another state habeas petition, both of which were denied.

2

Fourth Rape VOP/2002 Escape conviction: On November 27, 2002, while serving the Level IV portion of his third Rape VOP sentence, Luckett left the Sussex Work Release Center on a pass, and failed to return. He was apprehended on December 3, 2002.

On December 12, 2002, Luckett pled guilty to a charge of Escape in the Third Degree. The Superior Court sentenced him to ninety days incarceration at Level V, with credit for time served. (D.I. 22, Del. Super. Ct. Dkt. for MS02121786.)

On December 13, 2002, the Superior Court found that Luckett had committed a fourth VOP on his Rape conviction, and re-imposed a sentence of three years incarceration at Level V, to be suspended after six months for Level III probation. Luckett did not appeal. (D.I. 22, Del. Super. Ct. Dkt. for IK99080262, D.I. 84; Corrected VOP Sentence Order, VK9908026204 (Del. Super. Ct. Dec. 17, 2002).)

In March 2003, Luckett filed an application for federal habeas relief in this Court. (D.I. 5.) The State filed an Answer, asking the Court to dismiss the habeas application without prejudice because Luckett's petition contains both exhausted and unexhausted claims. (D.I. 20.) The State contends that Luckett did not exhaust state remedies for his ineffective assistance of counsel claim.

III.   **LEGAL PRINCIPLES**

   A.   **The Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*,

3

538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).  Pursuant to

AEDPA, a federal court may consider a habeas petition filed by a state prisoner only

"on the ground that he is in custody in violation of the Constitution or laws or treaties of

the United States."  28 U.S.C. § 2254(a).  AEDPA increases the deference federal

courts must give to state court decisions, primarily by imposing procedural requirements

and standards "in order to prevent federal habeas 'retrials' and to ensure that state-

court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535

U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

## B.    Exhaustion and Procedural Default

Before seeking habeas relief from a federal court, a petitioner in custody

pursuant to a state court judgment must exhaust all remedies available in the state

courts.  As stated in AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>     or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process  ineffective to protect the
>     rights of the applicant.

28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of

comity in order to ensure that state courts have the initial opportunity to review federal

constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d

Cir. 2000).

4

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

If a federal habeas claim was not fairly presented to the state courts, and further state court review is still available, that claim is not exhausted. Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000). However, it is possible for an unexhausted claim to be barred from further state court review due to state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Although a petitioner's failure to exhaust remedies for such claims will be excused, the claims are considered to be procedurally defaulted. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989).

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual

5

prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner demonstrates actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## C.   Standard Of Review Under AEDPA

Pursuant to AEDPA, if a state court adjudicated the merits of a federal habeas claim, then the federal habeas court can only grant habeas relief if the state court's adjudication of the claim:

6

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A state court has adjudicated a claim on the merits for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *rev'd on other grounds*, - U.S. - , 125 S.Ct. 2456 (2005).

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. *Id.*; *Miller-El*, 537 U.S. at 341 (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Although inartfully written, Luckett's' habeas petition essentially asserts three claims for relief: (1) the fact that his December 12, 2002 sentence for Escape in the Third Degree and his December 13, 2002 Violation of Probation sentence on his original 1999 rape conviction were premised on the same act of escape constitutes Double Jeopardy; (2) counsel provided ineffective assistance at his December 13, 2002

7

violation of probation hearing; and (3) his right against Double Jeopardy was violated because his August 8, 2002 VOP sentence on his 2001 Escape conviction and his August 16, 2002 VOP sentence on his 1999 Rape conviction were premised on the same act of escape. (D.I. 5.)

The State correctly asserts that Luckett did not exhaust state remedies for Claims One and Three, and, as explained below, they should be deemed exhausted because state procedural rules bar him from further state court review. The State also asserts that Luckett did not exhaust Claim Two. Consequently, the State argues that his petition contains both exhausted and unexhausted claims, and asks the Court to dismiss it without prejudice in order to enable Luckett to exhaust state remedies for Claim Two. (D.I. 20.)

After the State filed its Answer, Luckett filed a Rule 61 motion for post-conviction relief in the Delaware Superior Court, asserting the same ineffective assistance of counsel claim contained in Claim Two of the instant petition. *See Luckett v. State*, 832 A.2d 1251 (Table), 2003 WL 22227563 (Del. Super. Ct. Sept. 25, 2003). The Superior Court denied the Rule 61 motion, Luckett appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *Id.* Luckett, therefore, has exhausted state remedies for Claim Two. Accordingly, because his petition is no longer mixed, I will review his petition

## A. Claims One and Three are Procedurally Barred from Federal Habeas Review

The state record reveals that Luckett never appealed any of his VOP sentences, his escape convictions, or the trial court's decisions regarding his numerous motions for

8

modification of sentence and his state habeas petitions.[4] (D.I. 22, Del. Super. Ct. Dkt. in ID No. 9908004154.)  Consequently, because he never presented his double jeopardy claims to the Delaware Supreme Court, he has failed to exhaust state remedies for Claims One and Three of his habeas petition.

The State correctly argues that any attempt to return to state court in order to satisfy the exhaustion requirement would be barred by state procedural rules.[5] Because Luckett is precluded from obtaining further state court review of his double jeopardy claims, his failure to exhaust is excused.  Nevertheless, these two claims are still procedurally defaulted, and I can only review their merits if Luckett establishes cause for his procedural default and actual prejudice resulting therefrom.

Luckett's habeas petition states that he did not appeal any adverse decision from the state courts because he believed that it would be a better choice for him to file in the federal district court. (D.I. 5.)  This misguided belief regarding exhaustion, however,

---

[4]In September 2002, Luckett applied for state habeas relief regarding his August 2002 VOPs. (D.I. 22, Super. Ct. Dkt. in ID No. 9908004154, D.I. 56.) The Superior Court summarily dismissed the petition. *Id.* at D.I. 57. Although Luckett filed a timely notice of appeal, he asked to withdraw his appeal in October 2002, and the Delaware Supreme Court therefore dismissed his appeal without considering the claims. *Id.* at D.I. 58, 74, 76.

[5]First, Luckett would be time-barred from appealing his VOP sentences or Escape convictions. *See* Del. Supr. Ct. R. 6 (imposing a 30 day period for filing a appeal). Second, his failure to appeal the escape conviction and VOP sentences also means that Rule 61(i)(3) would bar further state court review of the claims absent a showing of cause and prejudice for that failure. There is no indication that an external impediment prevented him from raising his claims on direct appeal, and thus, Luckett could not satisfy Rule 61's cause exception. *See Younger*, 580 A.2d at 556 (in Delaware, a criminal defendant demonstrates cause by showing that some external impediment prevented the him from raising the claim on direct appeal); *see also* text, *infra* at 10-11.

9

does not constitute an external impediment that prevented him from appealing any Superior Court decision, thus, it does not constitute cause for his procedural default. *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002)(mere inadvertence does not constitute cause for a procedural default); *Coleman*, 501 U.S. at 752 (discussing ignorant or inadvertent procedural default).

It also appears that Luckett blames his failure to appeal his August 16, 2002 VOP sentence on his public defender's ineffective assistance. *See* D.I. 25. Specifically, he contends that he withdrew his appeal regarding the August 16, 2002 VOP sentence because he believed his public defender was pursuing a motion for reduction of sentence that would be more successful. *Id.*

An attorney's ineffective assistance can constitute cause for a procedural default if the petitioner presented the ineffective assistance of counsel claim as an independent constitutional claim to the state courts, and the attorney actually provided constitutionally deficient assistance. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in state court must itself be independently exhausted). Here, there is no indication that Luckett ever presented this particular ineffective assistance of counsel claim to the Delaware state courts,[6] and his failure to exhaust the claim precludes this alleged instance of ineffectiveness from excusing his procedural default. Further, Luckett's vague and

_____

[6]It appears that the only ineffective assistance of counsel claim Luckett presented to the Delaware state courts is the one regarding defense counsel's alleged promise to obtain a 60-90 day sentence for his December 13, 2002 VOP on the Rape conviction.

10

unsupported assertion that he believed his counsel was pursuing a motion for reduction of sentence fails to satisfy his burden of substantiating an ineffective assistance of counsel claim. *See* text *infra* at 14; *see also Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3d Cir. 1996)(petitioner must come forward with evidence sufficiently probative to overcome the strong presumption that counsel's conduct was objectively reasonable) . Thus, Luckett's claim regarding his public defender's ineffectiveness with respect to his August 16, 2002 VOP cannot excuse his failure to appeal the August 16, 2002 VOP sentence.

Luckett's failure to establish cause obviates any need to reach the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Additionally, Luckett has not demonstrated that he is actually innocent, thereby failing to satisfy the miscarriage of justice exception to the procedural default doctrine. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004)(holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial."). Thus, I will dismiss Claims One and Three as procedurally barred from federal habeas review.[7]

---

[7]The State interprets Luckett's petition as asserting an additional claim that his December 13, 2002 VOP sentence on the underlying rape conviction was excessive because the violation did not warrant the amount of prison time imposed. (D.I. 20 at 5-6.) Even if Luckett's unclear statement can be interpreted as asserting such a claim, it presents a state law issue that is not cognizable on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67-8 (1991) ; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Hoover v. Snyder*, 904 F. Supp. 232, 234 (D. Del. 1995).

11

## B.    Claim Two

Luckett's second habeas claim is that his public defender provided ineffective

assistance during the December 13, 2002 Rape VOP hearing by failing to fulfill her

promise that she would obtain a VOP sentence of 60-90 days if he entered a plea of

guilty to the VOP.[8]  (D.I. 5; D.I. 11.)  Luckett presented this claim to the Superior Court

in a Rule 61 motion, which the Superior Court denied.  The Delaware Supreme Court

affirmed the Superior Court's decision, finding that Luckett's public defender did not

provide constitutionally ineffective assistance. *Luckett*, 2003 WL 22227563, at *1.

Because the Delaware Supreme Court adjudicated the merits of this claim, federal

habeas relief will only be warranted if its decision was either contrary to, or an

unreasonable application of, clearly established federal law as determined by the

United States Supreme Court. *See* § 2254(d)(1).

The clearly established federal law governing ineffective assistance of counsel

claims is the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) and

its progeny. *See Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d

471 (2003).  To prevail on a claim of ineffective assistance of counsel where the

petitioner entered a plea, the petitioner must demonstrate both that:  1) counsel's

performance fell below an objective standard of reasonableness; and 2) counsel's

deficient performance actually prejudiced the petitioner's case; in other words, there is

a reasonable probability that, but for counsel's faulty performance, the petitioner would

---

[8]Considering all of Luckett's filings in the instant proceeding, I view his statement
that his December 13, 2002 plea of guilty in his Rape VOP proceeding was entered
involuntarily as support for his ineffective assistance of counsel claim, not as an
independent federal habeas claim. (D.I. 10.)

not have pled guilty and he would have insisted on going to trial. *Strickland*, 466 U.S. at 687-88, 692-94; *Hill v. Lockhart*, 474 U.S. 52, 57-9 (1985)*; Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002); *Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000).

Here, the Delaware Supreme Court correctly identified *Strickland* as the proper standard and analyzed Luckett's claim within its framework. As such, the Delaware Supreme Court's decision is not contrary to *Strickland*. *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Nor did the Delaware Supreme Court unreasonably apply *Strickland* in denying Luckett's claim. *See* 28 U.S.C. 2254(d)(1). The court rejected Luckett's claim because he failed to provide any evidence of error and he failed to demonstrate that the alleged error caused him prejudice. *Luckett*, 2003 WL 22227563, at *1. It is well-settled that a defendant has the burden to prove all facts in support of his ineffective assistance of counsel claim. *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3d Cir. 1996). Here, Luckett's vague and conclusory statements regarding his public defender's "promise" fail to overcome the strong presumption that his counsel's performance was reasonable.

Moreover, Luckett has not provided any evidence that the public defender knowingly and deceitfully lured him into pleading guilty by misrepresenting the possible sentence. If anything, his counsel's "promise" was more akin to an erroneous prediction regarding the length of Luckett's VOP sentence, which fails to constitute deficient performance. *See Masciola v. U.S.*, 469 F.2d 1057, 1059 (3d Cir. 1972).

13

Luckett also cannot demonstrate the requisite prejudice under *Strickland*. The instant claim of ineffective assistance of counsel involves his fourth Rape VOP sentence. Luckett does not dispute that he violated the terms of his probation, and, in fact, the Rape VOP hearing was held after he was convicted of Escape in the Third Degree. Even if Luckett had not pled guilty to violating his Rape probation, the Superior Court could have found a violation due to his new Escape conviction. *See*. *e.g., Thomas v. State,* 805 A.2d 903 (Del. 2002); *State v. Owens*, 2002 WL 234739 (Del. Super. Ct. Jan. 11, 2002); *Downing v. State*, 803 A.2d 427 (Table), 2002 WL 1751674, at *3 (Del. July 24, 2002)(holding that the "Superior Court was within its discretion to find a VOP where the probationer had merely been charged with new criminal offenses"); *In re Reed*, 1997 WL 524066, at *3 (Del. Super. Ct. June 27, 1997)("a new conviction, while on probation, is a violation of the original probation.") *State v. Flowers*, 1995 WL 716812, at *3 (Del. Super. Ct. Nov. 6, 1995).

Accordingly, I will dismiss Claim Two because Luckett has failed to demonstrate that his ineffective assistance of counsel claim warrants relief under § 2254(d)(1).

## V.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional

14

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Additionally, if a federal court denies a habeas claim on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

I conclude that Luckett's Double Jeopardy Claims are procedurally barred, and his ineffective assistance of counsel claim does not warrant federal habeas relief under § 2254(d)(1). Luckett has failed to make a substantial showing of the denial of a constitutional right, and I decline to issue a certificate of appealability.

## VI.    CONCLUSION

For the foregoing reasons, I conclude that Luckett's § 2254 petition does not warrant federal habeas relief. I also find no basis for the issuance of a certificate of appealabilty. An appropriate order will follow.